# Swoope's Appeal.

Where a testator devised a farm to his son, "he paying thereout unto my other children hereinafter named the several sums of money to them respectively bequeathed," such pecuniary legacies are a charge upon the land devised to the son.

The legacy being a charge upon the land, the Orphans' Court had jurisdiction to enforce its payment under the Act of 1834; and the devisee having accepted the devise, it became a personal charge as to him, and he, or after his death, his representative, was the proper party to proceed against for its recovery.

Ademption takes place where a parent bequeaths a legacy to a child, and afterwards gives a portion to the same child which is *ejusdem generis*.

Where there is nothing on the face of the will, and no proof of an intention to give a double portion, an advancement will be a satisfaction or ademption of the legacy.

The giving of a house and lot to a legatee, not being of kin with a pecuniary legacy, would not be an ademption of it.

APPEAL from the decree of the Orphans' Court of *Blair county*.

This is a proceeding in the Orphans' Court by Sarah Montgomery, to enforce the payment of a legacy given to her by the last will and testament of her father, Francis Smith, deceased.

The will of Francis Smith contains the following provision, viz.: —"I give and bequeath to my son, John Smith, my farm or plantation of land, situated in said township of Allegheny, together with all the improvements, tan-yard, stock in tan-yard, tools and appurtenances, houses, barns, rights, and privileges, unto my said son, John Smith, and to his heirs and assigns for ever, he or they paying thereout unto my other children hereinafter named, the several sums of money to them respectively bequeathed, &c.

" I give and bequeath to my daughter Sarah, intermarried with Thomas Montgomery, nine hundred dollars, in three equal annual payments (three hundred dollars each), without interest, to be paid after my decease.

" And should I make any advances to my said children after this date, it is to be deducted out of their respective shares, hereby bequeathed, and to stand to the credit of my son, John Smith; but no interest to be charged on such advances."

John Smith and Patrick Smith, sons of the testator, were appointed executors. Patrick Smith renounced, and John Smith took out letters testamentary, and *died intestate before the commencement of this proceeding.* This proceeding, and the decree in the Orphans' Court, are against Peter Swoope, the surviving administrator of said John Smith, deceased. Francis Smith, after the date of his will, and before his death, purchased a house and two lots of ground in the town of Newry, for $300, and put up a new house on the same, at a cost of $500 or $600, for his daughter Sarah, the lot and improvements costing testator $800 or $900. The deed for said lots was taken in the name of Francis Smith, who proposed to make a conveyance to his daughter, and was prevented from doing so at the time, by Montgomery alleging that under the then present circumstances, he did not wish it done; and the title was suffered to remain in Francis Smith till his death. Montgomery and wife, however, took possession of this property in 1841, immediately after its purchase, lived in it up to the time of the death of Francis Smith in 1844, and have continued to live in it up to this date, claiming it as their own, and have never paid any rent to Francis Smith or to any other person for it.

The appellant contended that this house and two lots of ground were an advancement, and, together with an admitted credit of $96, fully paid and satisfied the said legacy. But if the property did not amount to a full payment of the legacy, it was a payment *pro tanto,* to the amount of the cost of the property and improvements at the time they were given to Sarah by her father. To determine these questions, and to ascertain the amount due said Sarah on her legacy, if any, a feigned issue was directed to the Common Pleas.

The jury found for the plaintiff, and that John Smith had paid $111.20, and the Orphans' Court decreed the balance of the legacy to be paid to Sarah Montgomery.

From this decree Peter C. Swoope, surviving administrator of John Smith, deceased, appealed.

The errors assigned were : That the Orphans' Court had no jurisdiction to decree the payment of the legacy. That the proceed-

ings were irregular in not making the representative of Francis Smith, deceased, a party.

That the court erred in charging the jury, that "as the advancement was not in kind with the legacy, it was a question of intention whether it was an ademption of the legacy," and in throwing the burden of proof on defendant.

*Calvin*, for plaintiff in error.—The Orphans' Court is not the proper tribunal. The legacy is not payable out of the real estate: Gallarny's Appeal, 6 *Barr* 37. If the court had jurisdiction no demand was made as required by Act of 24th February, 1834, § 52, or security given as provided for in the same Act, § 61.

If the proceeding in the Orphans' Court could be sustained, then it is not against the proper parties. The administration of Francis Smith's estate was vacant. The administrator of John Smith had nothing to do with the payment of the legacy. The act specially requires notice to be given to the *executor*, as well as the devisee or heirs of the testator. And before the passage of it the only way to recover a legacy was by suit against the executor. Holliday *v.* Summerville, 3 *P. R.* 533; McLanahan *v.* McLanahan, 1 *P. R.* 96; Commonwealth *v.* Hamburgh, 4 *Ser. & R.* 217; Ganse *v.* Wiley, 4 *Ser. & R.* 509.

That they were a gift and intended to be in addition to the legacy, was to be proved by the party alleging it: Act of 8 April, 1833, § 16; *Hood on Ex'rs.* 192; 2 *Sto. Eq.* § 1110, and note 3; 2 *Sto. Eq.* 508, note 2; Philips *v.* Gregg, 10 *Watts* 158; 2 *Sto. Eq.* 613, § 1202; *Id.* p. 503, §. 1110.

*Blair*, for appellee:—The devise is to John Smith, "he yielding and paying thereout," &c. It cannot be contended that these words do not explicitly charge it upon the land. In Hoover *v.* Hoover, 5 *Barr* 355, the words were "yielding and paying out of the same," and the Court held it clearly a charge upon the land.

The question of proper parties is now raised for the first time, but it is of no avail, for the point is decided in Downer's Appeal, 9 *Barr* 333. There was no interest of the estate involved which required the aid or protection of an administrator *de bonis non* on the estate of Francis Smith.

In order for any subsequent gift or provision by the father to operate as an ademption of the legacy, it is essential that it should be *ejusdem generis*: *Sto. Eq.* §§ 1109, 1111; Robinson *v.* Whittey, 9 *Ves.* 578, 1 *Brown C. C.* 426, 5 *Myl. & C.* 29; Bengough *v.* Walker, 9 *Ves.* 508; Will's Appeal, 10 *Harris* 330.

The opinion of the Court was delivered by

WOODWARD, J.—That the legacy in question was charged upon

the land devised by Francis Smith to his son John, results by the most necessary implication from the terms of the will. He " yielding and paying thereout" are the terms in which rent is usually reserved, and indicate, indubitably, the intention of the testator to charge the legacies on the land. It is suggested that there is a blending of personal property with the real in the devise. Be it so. In Hackadorn's Appeal, 1 *Jones* 89, it was admitted that where the real and personal estates are blended and put into one fund, the land is charged with the payment of legacies; and the authorities there cited abundantly justify the admission.

This position then, that the legacy was charged on the land devised to John, answers the two first assignments of error, for, first, it results that the Orphans' Court had jurisdiction under our Act of 1834; and next, that John, having accepted the land thus charged, the legacy became, as to him, a personal charge, and he, or after his death his representative, was the proper party against whom to proceed.

3d error. There is no ground for alleging an ademption of this legacy. Ademption takes place where a parent bequeaths a legacy to a child and afterwards gives a portion to the same child, which is *ejusdem generis*. If there be nothing on the face of the will, and no circumstance in proof, to indicate an intention to give a double portion, the advancement will be a satisfaction or ademption of the legacy: *Williams on Exrs.* 2d vol. 828; *Story's Equity Jur.* § 1111, and note.

But here, granting the house and lot to have been given to the daughter, it was not of kin with this pecuniary legacy, and could not therefore of itself adeem it. But it was not given. The father purchased it and took the title in his own name, and there is no evidence that he ever conveyed it to his daughter or her husband. The parol proof was insufficient to pass the title. The use and occupation were all that Montgomery and wife seem to have had, and it is not pretended that these extinguished the legacy. The charge of the court upon the feigned issue was quite as favourable to the appellant as it ought to have been, and he has no reason to complain.

> And now, August 15th, 1855, this cause having been heard by counsel and considered by the court, it is ordered and decreed that the decree of the Orphans' Court of the county of Blair be affirmed.