## Schnyder v. Orr, Appellant.

*Equitable ejectment—Conveyance subject to lien—Subsequent vendee.*

A grantor whose conveyance was expressly made subject to a specified lien and who testifies that the lien formed part of the purchase money, can enforce its payment by an action of ejectment against his vendee and a subsequent purchaser.

Argued May 4, 1892. Appeal, No. 162, July T., 1891, by one of the defendants, James K. Orr, from judgment of C. P. Elk Co., Nov. T., 1889, No. 58, on verdict for plaintiff, George Schnyder. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Ejectment by plaintiff against James K. Orr and Emma M. Shiffer and C. H. Shiffer, of whom James K. Orr alone was served.

On the trial the jury rendered a verdict for the plaintiff for the land described in the writ " to be released upon payment of $269.24 with interest within three months, subject to the opinion of the court on question of law reserved, whether ejectment will lie against present defendant to enforce the provision contained in the deed from George Schnyder to Emma M. Shiffer, dated August 1, 1885." The court below first entered judgment for the defendant n. o. v. A certiorari from the Supreme Court on the appeal of the plaintiff having been filed, the court below reversed its former opinion and vacated the judgment and ordered judgment to be entered for the plaintiff, in the following opinion by MAYER, P. J.:

" We have reconsidered this case and are convinced that we were in error in entering judgment for the defendant. Our opinion was that the clause in the deed from George Schynder to Emma M. Shiffer, viz.: ' this conveyance, made subject to

the following liens,' was only a covenant on the part of the grantee which could not be enforced by an action of ejectment. Further reflection and examination of the authorities have satisfied us that it is a condition. George Schnyder sold and conveyed the premises in controversy to Emma M. Shiffer by deed dated August 1, 1885, for the consideration of $2,000, and recorded in Elk county on the twenty-sixth day of January, 1886. This deed contained the following clause : ' This conveyance made subject to the following liens, against the premises herein described ; . . . . A. judgment of Prince E. Gifford to No. 96, May term, 1879, real debt, $155.75, with interest, from May 26, 1879, and costs. . . .' These liens, according to the testimony of George Schnyder, formed part of the purchase money at the time of the sale to Emma M. Shiffer. This clause in the deed from Schnyder to Shiffer created a lien upon the premises conveyed, and Mrs. Shiffer, the grantee, took the estate, conditioned for the payment of these liens, and the performance of the condition could be. enforced by ejectment: Strauss' Appeal, 49 Pa. 353 ; Eichelberger v. Gitt, 104 Pa. 67 ; Kensinger v. Smith, 94 Pa. 384.

" On the first day of November, 1887, E. M. Shiffer and her husband sold and conveyed by deed to James K. Orr, one of the defendants, the premises in dispute. When Orr purchased this land he had notice on the face of the title of his vendor of the condition upon which the land was held by her. It was the duty of Orr to have made inquiry and ascertained whether these liens were outstanding and unpaid. He stands in the place of his vendor, holding this land with notice of the amount remaining unpaid on these liens. The rule is that whatever puts a party on inquiry amounts to notice, when the inquiry becomes a duty, as in the case of a purchaser of land, and would lead to a knowledge of the requisite fact by the exercise of ordinary diligence and understanding. ' When inquiry becomes a duty the party who neglects to perform it should be visited at least with constructive notice of the facts that probably would have been brought to light if it had been only made : ' Leonard's Appeal, 94 Pa. 168 ; Hottenstein v. Lerch, 104 Pa. St. 454 ; Eichelberger v. Gitt, Ibid. 64.

" Judgment should therefore be entered for the plaintiff for the land to be released on the payment of the Gifford judgment.

It is therefore ordered that the judgment heretofore entered in favor of the defendant non obstante veredicto be vacated and set aside, and now judgment is ordered to [be entered in favor of the plaintiff for the land described in the writ, to be released on the payment of the amount of the judgment of Prince E. Gifford against George Schnyder, entered to No. 130 September term, 1884, to wit: the sum of $246.20, with interest from May 27, 1889, and costs, $9.45, within four months from this date, March 31, 1891."]

*Error assigned* was the order directing the judgment to be entered, as above in brackets:

*Harry Alvan Hall*, for appellant.—There was no condition nor reservation of any estate in the vendor: Pierce v. Gardner, 83 Pa. 211.

There is nothing in the deed to indicate that the liens formed a part of the purchase money. The testimony of Geo. Schnyder was incompetent to charge Orr, a subsequent purchaser. There is no equitable lien for purchase money where the fact does not appear on record: Kauffelt v. Bower, 7 S. & R. 64; Trinity Church v. Watson, 50 Pa. 518. The intention must be expressed by apt words in the deed: Hiester v. Green, 48 Pa. 96; Bortz v. Bortz, Id. 382; Perry v. Scott, 51 Pa. 119; Rudy's Ap., 94 Pa. 338.

In Strauss's Ap., 49 Pa. 353, Eichelberger v. Gitt, 104 Pa. 67, Kensinger v. Smith, 94 Pa. 384, cited by the court below, there was, in each case, express notice by the conveyance that a balance of the purchase money was unpaid; and the estate was only granted upon the condition that such balance was to be paid by the grantee.

*C. S. McCormick*, with him *Paul S. Merrill*, for appellee, in addition to the three cases cited by the court below, cited Bear v. Whisler, 7 Watts. 144.

PER CURIAM, May 23, 1892:

We need not discuss the question whether the court below had power to reconsider the case and enter a different judgment after the service of the certiorari, for the reason that, upon the argument at bar, it was understood and agreed that the case should be heard here upon its merits.

We are of opinion that the final judgment of the court was properly entered, and we affirm it for the reasons given by the learned judge in his second opinion.

Judgment affirmed.