## Peters's Estate.

*Vendor and vendee—Charge on land—Personal liability—Deed.*

Where a purchaser takes title to land which is subject to an incumbrance created by a former owner, he does not thereby become personally liable for the debt, unless he expressly covenants to pay the same, or the terms of the conveyance import a covenant to be personally answerable.

A conveyance of land " under and subject " to the payment of an incumbrance created by the grantor, constitutes only as between themselves a covenant of indemnity to the grantor on the part of the grantee. Yet if the grantee has made himself directly liable for the debt for which the incumbrance was created, then his personal estate upon his death is the primary fund for the payment. The fact of such an undertaking may be implied from the circumstances attending and connected with the conveyance of the land.

When a purchaser assumes a debt as a part of the price of his purchase and thus makes it his own, the personal property of his estate must go for the relief of the realty in discharging the obligation. The mere fact, however, that the amount of the incumbrance is deducted from the value of the property, and only the balance of the purchase money paid, is not sufficient to charge the grantee personally for the debt. He must by contract either express or implied from the covenants of the deed make himself personally and directly liable for the debt to the owner of the incumbrance.

Where a deed conveying land charged with a dower interest recites a specified sum as " part of the purchase money which remains charged upon the property " and the habendum recites that the conveyance is subject to the payment of said sum, yearly interest to the widow, and at her decease the principal sum to be immediately payable to the heirs of her husband, and the receipt in the deed recites that the said sum is charged upon the land, the grantee in the deed is not personally liable for the said sum and after his death his personal estate is not liable for it.

*Will—Devise—Charge on land—Dower interest.*

Testator devised land to his son " he, my said son, paying and satisfying the dower charge thereon." There was nothing in the will to indicate that testator did not intend that the land should immediately vest in his son. At the time of testator's death on January 9, 1897, the son was in

possession as tenant under a lease which ran until April 1, 1897. The first instalmant of dower due after the death of testator accrued on April 1, 1897. *Held,* that testator's personal property was not liable for the instalment, but that the same should be paid by the son.

Argued Nov. 15, 1900. Appeal, No. 144, Oct. T., 1900, by Susanna E. Rothermel, from decree of O. C. Berks Co., overruling exceptions to adjudication in the estate of Benjamin B. Peters, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Exceptions to adjudication.

From the record it appeared that Susanna E. Rothermel filed exceptions to the account of David K. Peters, executor, alleging that the accountant erred in claiming a credit of $700 interest on dower. BLAND, P. J., stated the facts to be as follows:

The credit claimed for interest on dower is as follows: "By Mary Schwoyer, dower interest to April 1, 1897, $700." The exceptant does not dispute the fact of the payment of $700 to Mary Schwoyer by the accountant, but denies the liability of the estate for the payment of it, and asserts that it was the personal liability of the accountant as devisee under the will of this decedent. The dower, on account of which the interest was paid, was and is charged upon the land devised to David K. Peters, in the following disposition of the decedent's will: "I also give and devise to my son David K. the old homestead on which I now reside, situate in Maidencreek bounded by land of Peter Dunkel, Herman Berndt, and others, containing one hundred and sixty-five acres, more or less, to him, his heirs and assigns forever; he my said son paying and satisfying the dower charged thereon." In reply to the exception, the accountant maintains that he did not receive possession of the farm until April 1, 1897; that the farm was rented, and that he was charged in the inventory, and is charged in the account, with the issues and profits of the farm for the year ending April 1, 1897, the period for which the interest on the dower accrued for which credit is claimed.

From the evidence in the case, I find the following facts: that the farm upon which the dower was charged was in the possession of a tenant of the decedent during the year ending

April 1, 1897; that the accountant is charged in the inventory and account with the decedent's share of the issues and profits of the farm for that year; and that the accountant did not obtain possession and enjoyment of the farm, under the devise to him, until April 1, 1897.

The intention of the testator in the devise of the homestead to David, is the controlling fact in the disposition of this question; and it is not to be taken as his intention, without clear evidence in the text of the will, that he intended that his estate should have the issues and profits of the farm, and be exonerated, during the same period, from payment of the interest on the charges, and that David should pay the interest on the charges before he should become entitled to the beneficial enjoyment of the premises.

My conclusion is, that as the estate was entitled to, and has received, the issues and profits of the homestead for the year ending April 1, 1897, the estate, and not David, was liable during that year for the interest on the dower; and that the credit of $700 is consequently rightfully taken by the accountant.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Cyrus G. Derr,* for appellant.—Where land is subject to a charge in favor of the widow of a former owner, a yearly instalment of interest accruing from such charge is payable by him who holds the land at the time when the instalment becomes due, and the remedy for nonpayment is distress or an action against the holder of the land, in which action the judgment is de terris: Act of March 29, 1832, P. L. 190; Shelly v. Shelly, 8 W. & S. 153; DeHaven v. Bartholomew, 57 Pa. 128; Luther v. Wagner, 107 Pa. 343.

There are no circumstances in the case, which, as between the testator and David K. Peters, his devisee, could be construed as making the payment of the said sum of $700 a personal obligation of the testator: Shoenberger v. Hay, 40 Pa. 139; Bell v. Bell, 32 Pa. 309; Hamilton v. Porter, 63 Pa. 332; Couch v. Eastham, 29 W. Va. 734.

The word " dower " used in the second clause of the testator's

will, being the clause by which he devised the farm in question to the appellee, includes both principal and interest, and must be regarded as evincive of an intent that the devisee should pay all instalments of interest accruing after the testator's death.

*W. K. Stevens*, of *Stevens & Stevens*, for appellee.—Where a purchaser assumes a debt as part of the price of his purchase, he makes it his own, and the personal estate of said purchaser must go to the relief of the realty: Hoff's App., 24 Pa. 200; Lennig's Est., 52 Pa. 135.

OPINION BY W. D. PORTER, J., March 19, 1901:

This appeal involves the regularity of the allowance, by the court below, of one item of credit in the account of David K. Peters, executor of the last will of Benjamin B. Peters, deceased.   That David K. Peters paid the money is undisputed.   The question is, was the claim chargeable upon and payable out of the personal estate of the decedent?   The sum paid was the annual rent, or interest in the nature of rent, constituting the statutory dower of the widow of a predecessor in title of the testator, and which accrued subsequently to the death of the latter.

Joseph E. Peters had died seized of the land, and, in proceedings in partition of his estate among his heirs, in 1867, this farm had been allotted to Ephraim B. Peters, subject to the dower of Maria, widow of decedent.   The statutory dower of the widow of Joseph E. Peters was, by that proceeding, determined to be equal to the interest upon the sum of $9,333.33½, which sum was charged upon the land, the interest upon the same to be paid to the widow annually during her life, and upon her death the principal to be paid to the heirs of Joseph E. Peters. Ephraim B. Peters, by deed dated April 1, 1868, conveyed the land to Benjamin B. Peters, accountant's testator, who regularly paid the annual dower charged as it accrued during his lifetime.   Benjamin B. Peters died on January 9, 1897, seized of this tract of land, and by his last will devised the farm to his son, David K. Peters, the accountant.   The instalment of dower which is the subject of this litigation became due on April 1, 1897, almost three months after the death of the testator.

Was this charge upon the land a debt for which the testator was personally liable, and therefore payable out of his personal estate? The conveyance of the land to the testator was made in 1868, and in determining its effect the act of June 12, 1878, is to be left out of consideration: Merriman v. Moore, 90 Pa. 78. Where a purchaser takes title to land which is subject to an incumbrance created by a former owner, he does not thereby become personally liable for the debt unless he expressly covenants to pay the same, or the terms of the conveyance import a covenant to be personally answerable. A conveyance of land "under and subject" to the payment of an incumbrance created by the grantor constitutes only, as between themselves, a covenant of indemnity to the grantor on the part of the grantee: Shoenberger's Executors v. Hay, 40 Pa. 132; Moore's Appeal, 88 Pa. 450. Yet if the grantee has made himself directly liable for the debt for which the incumbrance was created, then his personal estate, upon his death, is the primary fund for the payment. The fact of such an undertaking may be implied from the circumstances attending and connected with the conveyance of the land: Samuel v. Peyton, 88 Pa. 465; Thomas v. Wiltbank, 6 W. N. C. 477. In the present case there is no evidence which would warrant us in holding the personal estate chargeable, unless it be found in the conveyance under which the testator took title. When a purchaser assumes a debt as a part of the price of his purchase, and thus makes it his own, the personal property of his estate must go to the relief of the realty in discharging the obligation: Lennig's Estate, 52 Pa. 135; Merriman v. Moore, supra; Hoff's Appeal, 24 Pa. 200. The mere fact, however, that the amount of the incumbrance is deducted from the value of the property, and only the balance of the purchase money paid, is not sufficient to charge the grantee personally for the debt. He must by contract, either express or implied from the covenants of the deed, make himself personally and directly liable for the debt to the owner of the incumbrance. "The incumbrance is always a part of the price, unless there be an agreement that the vendor shall take up the incumbrance. The purchaser, wherever he contracts to indemnify the vendor, takes the land cum onere. This is the clear understanding of the parties, and the value of the incumbrance will, of course, be deducted from the

real value of the land. The only question in all these cases is whether a right of action does not accrue to the mortgagee where the amount of the mortgage debt is distinctly marked and separated from the price to be paid to the vendor, and by agreement between the vendor and vendee is left in the hands of the latter for the use of the mortgagee:" Cumberland v. Codrington, 3 Johns. Ch. 229. The vital question is not whether the amount of the incumbrance was considered in determining the amount of purchase money which should be paid over to the grantor; it is, what was the contract between the grantor and the grantee as to the nature of the liability which the latter assumed with regard to the incumbrance: Hirst's Appeal, 92 Pa. 491.

Did the terms of the deed, accepted by the testator from Ephraim B. Peters, import a covenant upon the part of the former to become personally liable for the incumbrance to the holder thereof? The deed recites: " That the parties of the first part, for and in consideration of the sum of $11,666.66⅔, part of the purchase money which remains charged upon the property hereinafter described as herein expressly stated, as well as in further consideration of the sum of $22,090.83⅓, lawful money," etc. This recital of the consideration makes it clear that the amount of the incumbrance was taken into consideration in ascertaining the amount of money which was to be actually paid to the grantor, but it is equally clear that the land remained as the primary security for the debt. The money was retained because the land remained charged. The habendum contained this clause : " Subject, nevertheless, to the payment of $11,666.66⅔ hereinbefore mentioned, in the following manner, to wit: the yearly interest on said sum to be regularly paid by the said Benjamin B. Peters, his heirs or assigns, to Maria Peters, widow of Joseph E. Peters, deceased, from the date hereof annually during her natural life, and at her decease the principal sum to be immediately due and payable to the heirs and legal representatives of said Joseph E. Peters, deceased." The receipt was in these words : " Received the day of the date of the above indenture, of the above-named Benjamin B. Peters, the sum of $22,090.83⅓, which, together with the sum of $11,666.66⅔ charged upon said land, constitutes the full purchase price of $33,757.50, in full of the consideration money herein mentioned." These provisions taken together constituted

a covenant that the land should pass subject to the charge. The terms of the habendum constituted a covenant that the land should be held by Benjamin B. Peters, his heirs and assigns, subject to the payment of the charge regularly as it accrued. The words " to be regularly paid by the said Benjamin B. Peters, his heirs and assigns," plainly mean that the holders of the land should pay the charge as it from time to time accrued. They were not an undertaking that the charge should be paid by Benjamin B. Peters, his executors or administrators, but that it should be paid by him and those who under him acquired title to the land. These words simply placed the duty of paying the charge as it accrued upon those who would have under the law been liable therefor in respect of the land which they held: Shelly v. Shelly, 8 W. & S. 153. The Act of March 29, 1832, P. L. 190, section 41, provides that upon the allotment of the land to an heir in partition, the widow's share shall " remain charged upon the premises, . . . . and the legal interest thereof shall be annually and regularly paid by the persons to whom such real estate shall be adjudged, their heirs and assigns, holding the same." The words of the habendum imposed upon Benjamin B. Peters and those who took title under him, no obligation to which they would not have been subjected by the act of assembly; the title to the land, into whosesoever hands it might come, was made subject to the payment of the charge as it accrued. The meaning of the contract is to be ascertained from all its provisions, and not from detached sentences. This entire deed, including the provision as to the persons who from time to time were to pay the charge, meant that the land should be held subject to the charge, and did not impose a personal liability upon Benjamin B. Peters for the entire incumbrance. The conveyance, subject to the incumbrance, was a covenant of indemnity to the grantor, for his protection.

Even if Benjamin B. Peters was personally liable for this incumbrance, when he came to dispose of his estate by will it was for him to determine whether his real or personal estate should be primarily liable therefor. The rights of a creditor are not involved in this question. The devise of the farm was in these words: " I also give and devise to my said son, David K., the old homestead on which I now reside, . . . . he, my said son, paying and satisfying the dower charge thereon. " This was a direct charge of this incumbrance upon the farm. The devisee

was at liberty to accept or decline the devise; if he accepted, he took the land subject to the payment of the incumbrance, and cannot now be permitted to assert that the personal estate was primarily liable: Hoover v. Hoover, 5 Pa. 351; Swoope's Appeal, 27 Pa. 58; Mohler's Appeal, 8 Pa. 26. The will speaks as of the death of the testator, and the fee immediately vested in the devisee. The instalment of dower in question did not accrue until April 1, 1897, and at the death of the testator it remained a part of the estate of Maria Peters; until due, the interest was not in arrear and she had no right to demand it: Luther v. Wagner, 107 Pa. 343. The learned judge of the court below was of the opinion that this instalment of dower was legally payable out of the personal estate of the testator, because the devisee had not come into possession of the estate, as owner, until April 1, 1897. The devise took effect on January 9, 1897, and what passed thereunder is to be determined as of that date. The fee did not remain in the estate of Benjamin B. Peters, and if David accepted the devise he took it subject to the payment of all instalments of dower which accrued after the death of his devisor: DeHaven v. Bartholomew, 57 Pa. 126. David was entitled to immediate possession, unless the land was held under an outstanding lease, in which case he was entitled to the rents and issues of the land, as landlord, by the operation of the will. No clog to the possession of the estate is to be found in the will, and the intention of the testator must be gathered from the words of the will. The intention of this testator was that the estate should immediately vest in David, subject to the charge: Hamilton v. Porter, 63 Pa. 332. Another difficulty that lies in the way of the accountant is that he himself was the tenant, holding the farm under a lease which ran until April 1, 1897. Upon the death of the testator he thus became his own landlord and his leasehold estate was merged in the fee. Finally, it is not disputed that David went into possession as owner on the 1st day of April, 1897, and upon the same day the instalment of dower became due; so that, upon his contention, he was in possession as owner when the charge upon the land became payable. This item of $700 was clearly not payable out of the personal estate of the decedent. The decree is reversed and the record is remitted, with direction to the court below to restate the account and make distribution in accordance with this opinion.