## Benson's Estate.

*Will—Devise—Substitutional devise—Codicil.*

A devise of a house to trustees, in trust for an adopted daughter for life, with remainders over, which had been purchased as a residence for her at a cost of $22,500, is revoked by a codicil devising to the same trustees, upon similar trusts, another house purchased, as a residence for the daughter, at a cost of $9,250, subject to a not matured mortgage of $20,000, the codicil

containing no words of revocation, but expressly republishing the will, saving as by it modified.

Where there is nothing on the face of a will, and no circumstances to indicate an intention to give a double portion an advancement will be a satisfaction or ademption of a legacy.

Argued March 21, 1904. Appeal, No. 196, Jan. T., 1903, by Florence B. Vollrath, from decree of O. C. Phila. Co., Jan. Term, 1903, No. 612, dismissing petition to compel trustees to pay over rentals in estate of Harriet S. Benson, deceased. Before DEAN, FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Petition to compel trustees to pay over rentals.

The petition set out that testatrix died September 3, 1902, leaving a will, of which E. N. Benson, R. D. Benson and Charles M. Morton are executors ; that petitioner was decedent's adopted daughter and had intermarried in decedent's lifetime with Alfred J. Vollrath; that during decedent's lifetime she purchased in her own name for $22,500 premises No. 1105 Spruce street, which were occupied by petitioner and her family as a residence until 1899, when decedent purchased premises No. 1621 Spruce street; since which time petitioner and her family have occupied the latter premises as their residence ; that these premises were bought subject to a mortgage for $20,000, which was not payable until December 31, 1900, and which still remains unpaid ; that by decedent's will a certain fund was given her executors in trust for petitioner's benefit, and also premises No. 1105 Spruce street upon the same trusts, but with power to sell and with the proceeds purchase another residence for petitioner should she so desire ; that after the purchase of premises No. 1621 Spruce street and the removal of petitioner thereto, decedent made a codicil to her will directing that the latter premises should be held upon the same trusts ; that the executors assert that under the will the mortgage of $20,000 is not to be paid out of decedent's personal estate, and that there is no trust in petitioner's favor as to premises No. 1105 Spruce street, and have therefore deducted from petitioner's income the interest on the mortgage and have not paid over to her the rents collected from premises No. 1105 Spruce street.

The petition averred that petitioner is entitled to one or the other of these things and asks relief accordingly.

The answer admitted the facts, but denied that petitioner was entitled thereunder to the relief she asked.

The case was heard by Judges ASHMAN and PENROSE. Judge ASHMAN was of the opinion that the petition should be dismissed. Judge PENROSE was of the contrary opinion.

The court being equally divided a decree was entered dismissing the petition.

*Error assigned* was the decree of the court.

*John G. Johnson,* for appellant.

*Samuel Dickson,* with him *Walter E. Rex* and *Richard C. Dale,* for appellees.

*George Tucker Bispham,* for residuary devisees.

OPINION BY MR. JUSTICE THOMPSON, May 2, 1904:

In 1890 Miss Benson, who had adopted the appellant as her daughter, who married Alfred J. Vollrath, bought for her the property 1105 Spruce street, Philadelphia, for the sum of $22,500. This property was purchased by her as a residence for appellant and in her will she provided " that the house No. 1105 Spruce street, which I have purchased for my said adopted daughter Florence to live in, shall be held by the trustees named in my will for the said Florence and her children, under the same limitations, conditions and upon the same trusts as are set forth in the second section of this, my will. Should the said Florence at any time desire to change her residence, I direct that the said house may be sold if she desires and the proceeds applied to the purchase of another house, and I direct that the said house so purchased shall be held by the said trustees upon the same trusts and in the same manner as herein directed."

In 1899 testatrix bought for the appellant the property situated at 1621 Spruce street for the sum of $9,250, subject however to a mortgage of $20,000, payable in December, 1900. She bought this property as a residence for appellant who ac-

cordingly moved into it from 1105 Spruce street and has since with her family resided there. By a codicil to her will dated January 10, 1901, Miss Benson provided as follows:

"As I have purchased the property No. 1621 Spruce street for the residence of my adopted daughter Florence, who has removed there from 1105 Spruce street, I order and direct that the said house 1621 Spruce street shall be held by my trustees upon the same trusts and in the same manner as set forth in the second section of my will. . . . Except as to the changes herein made, I hereby ratify, confirm and establish my said will and the former codicils thereto."

The appellant contends that testatrix by her will intended that both bequests were to be operative and that accordingly she is entitled to the rents of the one and the right to occupy the other as a residence. Appellees contend that she intended the bequest in the codicil alone to be operative and to be substitutional of the first and that therefore the appellant is not entitled to the rents of 1105 Spruce street. Testatrix originally provided a trust in behalf of this adopted daughter in the sum of $200,000, the income of which to be paid to her during life, but subsequently she cut down somewhat the principal of such trust fund. Clearly she intended to give appellant a substantial income and to couple with it a house for the residence of herself and family. In the first instance she purchased No. 1105 Spruce street for her "to live in" and in case she desired to "change her residence" she authorized this house to be sold and the proceeds "to be applied to the purchase of another house." Manifestly she intended that after her death appellant should not be compelled to continue to live at the one place designated, but should, in case she should desire to do so, be permitted to select another place for her home. In that event the first should be sold and the proceeds of the sale used for the purchase of one to be substituted, but before her death appellant changed her residence to 1621 Spruce street, which testatrix had purchased for her as a residence in lieu of 1105 Spruce street and accordingly to carry out this substitutional intention she directed by her codicil, "as I have purchased the property No. 1621 Spruce street for the residence of my adopted daughter Florence who has removed there from 1105 Spruce street, I order and direct that my said house

No. 1621 Spruce street shall be held by my trustees upon the same trusts and in the manner as set forth in the second section of my will." It is clear that the purpose of the testatrix as expressed in her will and codicil was that appellant should have a house for a residence. In the first instance, that house was No. 1105 Spruce street, but by the codicil this original intention as to that house was changed by substituting No. 1621 Spruce street. The words of the will and the codicil used to accomplish her purpose import a substitutional intention and their construction to that effect has the warrant of judicial determination.

In Sims v. Sims, 10 N. J. Eq. 158, it is said that when a legacy is given for a particular purpose and it is executed by the decedent in his lifetime, the presumption arises that there was the intention to cancel the legacy. In Hine v. Hine, 39 Barb. 507, this principle, after careful consideration, is recognized.

In Miner v. Atherton, 35 Pa. 528, it is said: " A legacy by a father to a child is understood as a portion, because it is a provision by a parent for his child. If the father afterwards advances a portion for that child, it will be an ademption of that legacy, in whole or in part, as the advancements are larger or equal to, or less than, the testamentary portion."

In Tussaud v. Tussaud, L. R. 9 Ch. Div. 363, it is said : " As I understand the law, the court presumes that the parents, including in the term ' parents ' the person or persons standing in the place of the parents, do not intend to give double portions to their children."

In Benyon v. Benyon, 17 Vesey, 34, it is said: " Where the same quantity has been given, and the same cause, or no additional reason assigned for a repetition of the gift, the court has inferred the testator's intention to be the same and has rejected accumulations."

In Swoope's Appeal, 27 Pa. 58, it was held that where there is nothing on the face of the will and no circumstances to indicate an intention to give a double portion, the advancement will be a satisfaction or ademption of the legacy.

From the object intended to be accomplished by the testatrix, from the occupancy of the first house as a residence, from the removal to the second house for the continuing purpose, from the words used in the original will and from those used in the

codicil it is evident that the intention of the testatrix was to make the gift of the second substitutional for the first. The mortgage for $20,000 upon 1621 Spruce street matured some two years before the death of the testatrix and she did not satisfy it though amply able to do so. There is no evidence to warrant the conclusion that by her will she intended it to be paid off, after her death.

Therefore the assignments of error are not sustained and the decree is affirmed.