## Alexander's Estate.

*Legacies—Wills—Gift for same purpose—Ademption of legacy.*
Where a testator in his will provides for a legacy for a particular purpose, and subsequently makes a gift to the legatee for the same purpose, such payment or gift is presumed to be a satisfaction of the legacy to the amount of the gift.

Argued March 11, 1924. Appeal, No. 18, March T., 1924, by Jennie K. Jacoby, from decree of O. C. York Co., dismissing exceptions to and confirming auditor's report in the Estate of Solomon A. Alexander, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to auditor's report. Before ROSS, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned* was the order of the court dismissing exceptions.

*James Graham Glessner,* for appellant.—There was no ademption of the legacy: Youngerman's Est., (Iowa) 114 N. W. 7; Keiper's App., 124 Pa. 193; Sprenkle's App., 1 Mona. 402; Swailes v. Swailes, 98 Ind. 511; Wilson v. Smith, 117 Fed. 707; Davis v. Close (Iowa), 73 N. W. 100.

210, (1924).]    Arguments—Opinion of the Court.

*Walter B. Hays,* for appellee, cited: 23 Ruling Case Law, 350; Ritter's Est., 10 Pa. Superior Ct. 352; Keiper's App., 124 Pa. 193; Turner's Est., 167 Pa. 609; Hershey's Est., 17 Lancaster Law Review 389.

OPINION BY TREXLER, J., May 1, 1924:

By a codicil to the will of Solomon A. Alexander dated June 21, 1916, he disposed of part of his estate as follows: "I, Solomon A. Alexander, of York, Pennsylvania, do assert that my nurse, Mrs. Jennie K. Jacoby, has attended me faithfully for so many years and should she continue so to do to the end of my life, she is to be rewarded in the sum of three thousand dollars ($3,-000.00); any of my children who dispute this claim must be disinherited." It appears that on October 16, 1916, the decedent assigned and transferred to the said Jennie K. Jacoby 40 shares of Pennsylvania Railroad stock then of the value $57.75 per share or a total value of $2,310. This assignment was executed in the presence of two reputable citizens who both testified that the testator stated that Mrs. Jacoby had been taking care of him for quite a while and he wanted her to have the stock to the value of about $2,000. The witnesses further on said the testator wanted to present her with it for having taken care of him. The question which confronts us is,— Was this gift to Jennie K. Jacoby in satisfaction pro tanto of the legacy given to her? It will be noticed that in the codicil the legacy given as a reward for faithful attendance upon the testator was conditioned upon such attendance continuing to the end of his life. At the transfer of the stock the same purpose, that is, the reward for faithful attendance, was declared. While a distinction may be drawn between the gift and the legacy in that the gift was a reward for past service and the legacy for past and future service, still the general purpose was the same. Where a testator is not the parent of the legatee or does not stand in loco parentis, no presumption arises that a prior legacy is satisfied by a sub-

sequent payment or gift, but when a legacy is given to a stranger for a particular purpose and the testator subsequently makes a payment or gift to the legatee for the same purpose, such payment or gift is presumed to be a satisfaction of the legacy to the extent of the amount of the gift: Keiper's App., 124 Pa. 193; Estate of Paul Ritter, 10 Pa. Superior Ct. 352; Johnson's Est., 201 Pa. 513; Benson's Est., 209 Pa. 108; Appeal of Ursinus College, 23 W. N. C. 261, 40 Cyc. 1916; Richardson v. Eveland, 1 L. R. A. 203. It is settled in a number of cases that a legacy to be adeemed by a subsequent gift, the gift and the legacy must be ejusdem generis: Swoop's App., 27 Pa. 58; Miner v. Atherton, 35 Pa. 528. It is argued by the appellant that the legacy was to be paid in money and the gift of the railroad stock was in kind and not of the same nature as money. The answer to this is that the intention of the testator was that the railroad stock should be regarded as money. He set the value at about $2,000. This was the amount, which in his mind he was giving to his nurse in anticipation of part of the legacy he had provided in his will. The learned auditor states the proposition thus: "the donor of land or specific chattels is not supposed to have in mind the money value of the thing given, and the gift is not, therefore, presumed to be a satisfaction of a prior pecuniary legacy; but where it appears from the donor's expressions that he does have in mind the pecuniary value of his gift and gives it as the equivalent of so much money, then, in a case where the presumption applies, the gift will be presumed to be a satisfaction of the prior legacy, no matter how unlike the two may be:" In re Lawes, L. R. 20 Ch. Div. 81; Holmes v. Holmes, 1 Brown Ch. 555, 28 Eng. Rep. 1295; Bengough v. Walker, 15 Vesey Jr. 502; Pym v. Lockyear, 5 Mylne & C. 48, 41 Eng. Rep. 283; In re Jacques (1903), 1 Ch. 267. No Pennsylvania cases bearing on this precise question have been found.

210, (1924).]        Opinion of the Court.

We think however the amount to be deducted from appellant's legacy in satisfaction pro tanto should be two thousand dollars instead of twenty-three hundred and ten and to that extent the order entered below is modified.

The order of the orphans' court is affirmed with the modification that the amount to be deducted from appellant's legacy is fixed at two thousand dollars. Costs of this appeal to be paid by the estate.