# Edward I. Turner's Estate. Virginia Whitney's Appeal.

*Will—Legacy—Evidence.*

A legacy named in a will was by way of compensation for services rendered by the legatee. Shortly after the will was made the legatee said to a witness that testator had remembered her in his will, " and that she had a notion to get her money now." A few days afterwards she presented testator's check at bank for an amount double the amount of the legacy. The legatee did not deny or explain this testimony although she had permission to do so. *Held,* that the evidence was sufficient to sustain a finding that the legacy had been paid and satisfied by testator during his lifetime.

*Evidence—Attorney and client—Confidential communication.*

In the above case one of the witnesses against the legatee was an attorney at law who had been counsel for testator for many years, and had written his will. He had also been counsel for the legatee in small matters. He testified that he went to testator's house to see him about some business, and met the legatee at the door, who requested him to use his influence with testator to assist her in getting the amount of her legacy paid to her during testator's lifetime, which the witness declined to do. *Held,* that the legatee's communication to the witness was not a confidential communication, and that his evidence was admissible.

Argued April 15, 1895. Appeal, No. 142, Jan. T., 1895, by Virginia Whitney, from decree of O. C. Luzerne Co., No. 59 of 1892, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Exceptions to adjudication.

At the audit, it appeared that testator died on Feb. 1, 1892, leaving a will by which he gave a legacy of $2,500 to Virginia Preston, who subsequently became Virginia Whitney. It was claimed that this legacy which was for services had been paid and satisfied by testator in his lifetime.

The auditing judge, whose name was not stated in the paper-books, reported as follows:

" The payment of the legacies to Virginia Preston, now Mrs. Virginia Whitney, and to Mrs. Preston are objected to on the ground that said legacies had been adeemed or satisfied by the decedent during his lifetime.

" [We find as a matter of fact that the legacy to Mrs. Virginia Whitney was paid by check of the decedent during his lifetime, dated Dec. 15, 1891.] [2]

" This fact is established by the testimony of the executor and of Mr. Creveling. The executor, Mr. DeWitt, says ' that after the will was made Virgy Preston said to him that Mr. Turner had remembered her in his will, and that she had a notion to get her money now.' A few days afterwards she presented that check (this referring to the five thousand dollar check) at the bank. Mr. Creveling's testimony is that she said to him that she was to have some money under Mr. Turner's will, and she wanted him to help her get it at that time; she said she thought if she didn't get the money now she never would get it, giving her reason for thinking so.

" [From the testimony of other witnesses it appears that the legacy named in the will was by way of compensation for services rendered by Miss Preston, and not by way of a gift or by reason of kinship.] [3] Miss Preston didn't explain or deny this testimony, although she was permitted to do so. She got five thousand dollars very soon after the making of the will and at a time when Mr. Turner's bank account was very low, and when the bulk of his estate was in litigation. We cannot presume it was a mere gift in addition to the legacy so recently named in the will.

" We think Mr. Creveling was a competent witness, although, as she said, he had previously been her counsel in small matters. It appears from the testimony that Mr. Creveling had been counsel for Mr. Turner for many years, and had written his will. He says he went to Mr. Turner's home to see him

about some business and met Miss Preston at the front door ; that is, he was not sent for by Miss Preston, was not employed by her, and was not then engaged by her, and all that she wanted of him was that he should use his influence with Mr. Turner as his confidential legal adviser to assist her in getting the money, which he then promptly declined to do.   These facts do not make her communications to him confidential : Hector v. Findley, 2 Jones, 304 ; Bouvier's Law Dictionary, ' Confidential Communications.'

"We further conclude that the fact of payment of the legacy is sufficiently established without Mr. Creveling's testimony.   This payment was the satisfaction of an obligation which Mr. Turner seems to have recognized, and not a technical ademption of a legacy as between parent and child."

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to adjudication.

*G. L. Halsey,* for appellant, cited on the question of ademption and payment of legacy : 2 Story's Eq. J., 12th ed. sec. 1109 ; Strong v. Williams, 12 Mass. 391 ; Roper on Legacies (White's), ch. 6, sec. 2, p. 329 ; Pym v. Lockyr, 5 Mylne & Craig, 24, 34, 35, 46 ; Suiss v. Lowther, 2 Hare, 424.

On the competency of witness : Bowen v. Gorauflo, 73 Pa. 359 ; McCabe's Est., 6 Pa. C. C. 44 ; Smith v. Hay, 152 Pa. 383 ; Beltzhoover v. Blackstone, 3 Watts, 27 ; Heister v. Davis, 3 Yeates, 4 ; Miller v. Weeks, 22 Pa. 89 ; Kaut v. Kessler, 114 Pa. 603 ; Moore v. Bray, 10 Pa. 524.

*William S. McLean, Frank Wheaton* and *George K. Powell,* for heirs of Edward I. Turner, cited on the question of the payment of the legacy : Miner v. Atherton, 35 Pa. 528 ; Karns v. Tanner, 66 Pa. 297 ; Thomas v. Miller, 165 Pa. 216 ; Fleming's Executors v. McClain, 13 Pa. 177 ; Wesco's App., 52 Pa. 195 ; Appeals of Fross & Loomis, 105 Pa. 258.

On the competency of the witness : Taylor's Evidence, 784 ; Russell v. Jackson, 9 Hare, 392 ; In re Cole, 7 W. N. C. 114 ; 1 Greenleaf on Evidence, 14th ed. sec. 244 ; Heaton v. Findley, 12 Pa. 304 ; Hamilton v. Neel, 7 Watts, 517 ; Beeson v. Beeson, 9 Pa. 279.

J. Q. *Creveling* for D. L. Creveling.

PER CURIAM, April 29, 1895:

An examination of this record has satisfied us that the learned judge's findings of fact, rulings on questions of evidence and conclusions of law, complained of in the assignments of error, are substantially correct.   There is nothing in either of the specifications that requires a reversal or modification of the decree, and they are therefore dismissed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.