(110 App. Div. 115.)

## In re WATERMAN.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

DEPOSITIONS—TO BE USED OUT OF STATE—SUBPŒNA—MODIFICATION.

A subpœna, issued on petition under Code Civ. Proc. § 915, to H. to appear and give testimony in an action pending in Connecticut against a national bank and its receiver to recover the value of bonds deposited with the bank, and which S., cashier of the bank, abstracted and converted to his own use, they being afterwards sold by the one to whom S. pledged them for his debt, plaintiff's claim being that the bank and the receiver were liable because of the negligence and lack of ordinary care of the bank and its directors in failing to remove the cashier when they

knew or ought to have known him to be unfit for such position and trust,
and H. being a member of a New York firm of brokers, through whom
S. was engaged in speculating, and the evidence of H. being sought to
prove the transactions of S. through his firm and the knowledge of the
bank officers of such speculation, should be modified so as not to require
H. to produce the books of account and letters of S. showing and referring
to transactions of S. subsequent to the time S. converted the bonds, and
so as not to require H. to deposit copies of extracts from the books of his
firm ; a witness not being required to have such copies made, but it being
for the party having him subpœnaed, if desiring copies of the books, to
have them read into minutes before the officer taking the deposition.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, § 127.]

Appeal from Special Term, New York County.

Application of Martica G. Waterman for issuance of a subpœna
duces tecum to Howard H. Henry. From an order denying the mo-
tion of Henry to vacate a subpœna requiring him to appear and be-
examined as a witness in an action pending in the state of Connecticut,
he appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE,
INGRAHAM, and LAUGHLIN, JJ.

Anson M. Beard, for appellant.

Allen Wardwell, for respondent.

INGRAHAM, J. The petitioner, Martica G. Waterman, presented
to the Supreme Court a petition stating the facts required by section
915 of the Code of Civil Procedure. Thereupon a justice of the Su-
preme Court issued a subpœna requiring the appellant to appear be-
fore a notary public and give testimony in an action pending in the
state of Connecticut. I think the petition complied with section 915
of the Code and rule 17 of the general rules of practice, and that the mo-
tion to vacate the subpœna was properly denied.

I think, however, that the subpœna should be modified. Rule 17 of
the general rules of practice provides that a witness subpœnaed to at-
tend and give his deposition may apply to the court to vacate or
modify such subpœna. By the petition it appears that the action in
which the evidence is sought to be taken is against a national bank
and its receiver. The nature of the action is to recover the value of
two bonds deposited by the plaintiff with the said bank in or about
the month of August, 1898, and which were wrongfully abstracted by
one Sherwood, cashier of the said bank, and converted by him to his
own use between the 11th day of August, 1898, and the 15th day of
January, 1900, and pledged by the said Sherwood for his own debt, the
said bonds being sold by the pledgee subsequently to the 12th day of
May, 1903. The plaintiff claims that the bank and the receiver thereof
are liable for the value of the bonds, owing to the negligence and lack
of ordinary prudence and care of the said bank and its directors in
failing to remove the said Sherwood from his office as cashier when
they knew or ought to have known him to be unfit for such position
and trust. The appellant is a member of a firm of brokers in the
city of New York, through whom Sherwood was engaged in speculat-
ing in stocks. The evidence of the appellant is sought to prove the
transactions of Sherwood through this firm of stockbrokers and the

knowledge of the officers of the bank of such speculations. It is apparent that the testimony of one of the firm of stockbrokers will be material upon the trial of the action to prove the fact that Sherwood was speculating, and further to prove that the officers of the bank had knowledge of such speculations. The petitioner alleges that Sherwood converted these bonds prior to the 15th day of January, 1900, and I think the subpœna should only require the production of books of account showing the transactions on the part of Sherwood prior to that date.

Nor do I think that the appellant should be compelled to produce letters from Sherwood, or any one acting in joint account with him, relating to transactions subsequent to the 15th day of January, 1900. The subpœna also requires the witness to deposit with the said notary public sworn copies of extracts from the books of his firm showing the accounts herein referred to. I think this provision should be stricken out. There is no obligation upon a witness to have copies of his books made for the benefit of parties to an action in Connecticut. It is proper that the witness should be directed to produce his books before the notary public in order to refresh his recollection in testifying to the transactions between the firm of which he was a member with Sherwood; and if the party upon whose application the witness was subpœnaed desires copies of the books, they can be read into the minutes before the notary.

The subpœna should therefore be modified by striking out the provision requiring the witness to "deposit sworn copies of extracts from said books showing the accounts herein referred to," and the witness should only be required to produce copies of books of account between the 1st of August, 1898, and the 15th of January, 1900, and the production of letters from Sherwood or any one acting in joint account with him referring to transactions of Sherwood with the brokers prior to the 15th of January, 1900.

The order appealed from should therefore be reversed, and an order granted modifying the subpœna as before stated, without costs of this appeal. All concur.