# Richter *v.* Goldberg, Appellant.

*Evidence—Confidential communications—Attorney and client—Real estate—Leases—Measure of damages.*

Communications made to an attorney for the purpose of being conveyed by him to others are not in the nature of confidential disclosures, and, therefore, are not privileged.

It is only confidential communications between an attorney and client which are privileged. Such privilege does not extend to communications made by a litigant to his attorney for the purpose of being communicated to the adverse party, nor to communications made by an attorney to his client at the instance and request of the opposing solicitor or adverse party.

In an action to recover damages for breach of a contract to lease real estate, it was error for the court to exclude the testimony of the plaintiff's attorney as to a message regarding the property given to him by defendant to transmit to his client. There was nothing confidential about such communication as it was made for the express purpose of telling the other party. The attorney was a competent witness to prove the message which had been given him, as the agent of his client, and that the same had been transmitted to his client, and the reply which the latter had instructed him to make thereto. He was merely the mouthpiece or means of communication between the parties, and was only called upon to testify to the matters, which each had told him for the express purpose of conveying the information to the other.

The value of the lease, in the circumstances of this case, should have been proven by competent witnesses familiar with local conditions of the renting values of real estate in that neighborhood.

Argued November 21, 1921. Appeal, No. 160, Oct. T., 1921, by defendant, from judgment of C. P. Delaware County, Dec. T., 1919, No. 369, on verdict for plaintiff in the case of Jacob Richter *v.* Samuel Goldberg. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit to recover damages for breach of contract to lease real estate. Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $850 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*Albert Dutton McDade,* for appellant.

*James L. Rankin,* of *Geary & Rankin,* for appellee.

OPINION BY KELLER, J., March 3, 1922:

The appellant (Goldberg) was the owner of land at the corner of Morton Avenue and Green Street, Chester, on which he was about to construct five new buildings, with store rooms on the first floor and dwellings above. The appellee (Richter) negotiated with him relative to renting one of the buildings when completed, and on June 11, 1919, the parties went to the appellee's attorney who, following their instructions, drew an agreement, which both parties signed, whereby appellant agreed to lease to appellee No. 823 Morton Avenue,— under certain terms and conditions,—for one year from the completion of said building, with the privilege of renewal for another year, at $50 per month. At this time the work of building had not progressed beyond excavating the cellars and laying the foundations and the locations were not numbered. Appellant contends that both parties bargained for a lease of the store and dwelling next to the corner, which when numbered was actually 821, instead of 823, the corner property. Appellee denies this and says the corner property was intended and the agreement was in accord with the understanding of the parties. When the buildings were completed appellant notified appellee that 821 was ready for occupancy and called upon him to take the same as per the terms of the agreement. Appellee refused to

do so and demanded possession of 823, which had been rented to another tenant. This action for damages for breach of the contract followed appellant's noncompliance with such demand.

Numerous assignments of error have been filed, but none merit special reference except the following:

The testimony of Mr. Ledward, appellee's attorney, should have been received in evidence, in accordance with appellant's offer. It was not privileged within the rule which excludes confidential communications between attorney and client. The offer was confined to the message which he had communicated to his client from Goldberg, when the latter discovered the alleged mistake in numbering the building, and the reply which his client directed him to make Goldberg in response to the same. He was a competent witness to prove the message which had been given him, as Richter's agent or attorney by Goldberg, and that the same had been transmitted to his client, and the reply which his client had instructed him to make thereto. He was merely the mouthpiece or means of communication between the parties: List v. List, 82 S. W. 446 (Ky.); and was only called upon to testify to the matters which each had told him for the express purpose of telling the other party. There was nothing confidential about the communications; on the contrary they were "made for the express purpose of being made public": Scott v. Harris, 113 Ill. 447, 455. It is only confidential communications between attorney and client which are privileged: Sargent v. Johns, 206 Pa. 386, 393; Kramer v. Kister, 187 Pa. 227, 232; Beeson v. Beeson, 9 Pa. 279, 301; Heaton v. Findlay, 12 Pa. 304, 310. The privilege does not extend to communications made by a litigant to his attorney for the purpose of being communicated to the adverse party: 28 R. C. L. 554; 10 Ency. of Evidence 235; 40 Cyc. 2375; Gore v. Bowser, 5 DeGex & Smale 30; Ripon v. Davies, 2 Nev. & Man. 310; Rousseau v. Bleau, 131 N. Y. 177, 30 N. E. 52, 53; Ferguson v. McBean, 27 Pac. 518, 521

(Cal.) ; nor to communications made by an attorney to his client at the instance and request of the opposing solicitor or adverse party: Spenceley v. Schulenbergh, 7 East 357; Schaaf v. Fries, 77 Mo. App. 346, 359. "Communications made to an attorney for the purpose of being conveyed by him to others are stripped of the idea of a confidential disclosure, and, therefore, are not privileged": 28 R. C. L. 563; 23 A. & E. Ency. of Law (2d ed.) 75; 4 Wigmore on Evidence Sec. 2312. The third assignment is sustained.

Throughout his charge the learned trial judge treated the lease as if it were for two years, whereas it was for one year, with the privilege of renewal for another year. They are not identical. A jury might find the latter to be of more or less value than the former. If the appellant broke the contract in suit, the measure of damages was the value of the lease, with its renewal privilege, under the terms and conditions provided in the agreement, over and above the rent fixed in the lease: Dock v. Pratt, 30 Pa. Superior Ct. 598, 601. The damages would not be on the same basis as if, through no fault of his own, appellant had been unable to carry out his contract: Bartram v. Hering, 18 Pa. Superior Ct. 395. The lease of the store room, No. 823, to the Atlantic and Pacific Tea Company was different in its terms and conditions and should not have been admitted in evidence. It can readily be seen that a lease for a year, with the option of four successive renewals for a period of a year each, might be very much more attractive, and produce a higher rental, than a lease for one year with the privilege of renewal for only one year more. It gives the lessee very much more liberty of action and provides for a lease for one, two, three, four or five years just as he alone may decide. The value of the lease, in the circumstances of this case, should have been proven by competent witnesses familiar with local conditions and the renting values of real estate in that neighborhood: Cornelius v. Lytle, 246 Pa. 205, 209. The first, fifth and

eighth assignments are sustained. We agree with the learned trial judge that the ninety-day clause in the agreement is too indefinite to be construed as giving the lessor the privilege of dispossessing the lessee at the end of the first year, notwithstanding the lessee exercised his privilege of renewal.

The judgment is reversed and a venire facias de novo is awarded.