## CITIES SERVICE OIL CO. v. CELANESE CORP. OF AMERICA.

### C. A. 1213.

United States District Court
D. Delaware.
March 18, 1953.

See also, D.C., 10 F.R.D. 458.

Richard F. Corroon, Berl, Potter & Anderson, Wilmington, Del., William G. Pulliam, Howard J. Churchill and Giles S. Rich, Churchill, Rich, Weymouth & Engel, New York City, for plaintiff.

Aaron Finger, Richards, Layton & Finger, Wilmington, Del., Samuel Gottlieb, Gainsburg, Gottlieb, Levitan & Cole, Stephen H. Philbin and Fish, Richardson & Neave, New York City, for defendant.

RODNEY, District Judge.

This matter concerns the plaintiff's motion to restrict defendant's examination of plaintiff's personnel pursuant to notice under Fed.Rules Civ.Proc. rule 30, 28 U.S.C.

A concise order is herewith and concurrently entered on the motion, but propriety indicates some short expression of the reasons impelling such order.

The motion consists of seven paragraphs which will be taken up in their order. The first three paragraphs of the motion will be considered together as they concern the same subject matter.

1, 2 & 3. It is moved that the examination of John C. Walker and other witnesses commence upon a given date and proceed from day to day between the hours of 10:30 a. m. and 4:30 p. m. (excepting Saturdays and Sundays). The motion desired the examinations be completed in a specified number of days and that a definite time be allowed for cross examination.

I am of the opinion that the examinations should commence upon days to be agreed upon by the parties; that they

should proceed from day to day between the hours of 10:30 a. m. and 4:30 p. m. (Saturdays and Sundays excepted) without the interposition of any other witness. Having a most imperfect knowledge of any subject to be covered, I cannot establish a date for the conclusion of the testimony or the length of time for cross examination. The examinations should be from day to day occupying three days of the first week and four days of the second week and, if the examinations should extend beyond that time, then in the same order during the remainder of the examinations.

4. The fourth paragraph of the plaintiff's motion is logically divisible into two parts. The first part seeks an order "that on the examination of any of said witnesses who are not officers or directors of the plaintiff corporation (Cities Service Oil Company, a Delaware corporation), the witnesses shall not be required or called upon to produce any company records." There seems to be no reason why this particular portion of the motion should be formalized by an order. The defendant contends that it has not asked any witness who is neither an officer nor director of the plaintiff to produce any document other than those the defendant understood were voluntarily produced. The defendant in open court disclaimed both his intention and his right to require such production.

The second portion of paragraph 4 is distinct from the foregoing and presents a matter of some interest. It is a prayer for an order "nor shall said witnesses be required or called upon to produce any records to refresh their recollection." I am, of course, not considering the right of a witness to refresh his recollection from a memorandum or the ultimate disposition of that memorandum. I am only concerned with the question whether, when a witness has given testimony before an officer on the taking of depositions and has used no memorandum to refresh his recollection, he can be compelled to examine such memorandum for the purpose of refreshing his recollection. The question of compelling a witness to examine a memorandum to re-

fresh his recollection should be considered from two viewpoints, depending upon the nature of the occasion, viz., whether the question arises in the trial of a case before the Court itself, or before a commissioner or other officer taking the evidence on deposition.

I am not directly concerned with the first viewpoint. All of the cases under this first viewpoint consider the matter as one within the sound legal discretion of the presiding trial judge having regard to the rights of the parties and of the witness and in furtherance of justice under all the circumstances of the case. Some of the cases under this viewpoint and stemming from the language of Chief Justice Shaw in Chapin v. Lapham, 20 Pick. 467, 37 Mass. 467, hold that when the memorandum is present in court, the witness may in the discretion of the court be compelled to examine it to refresh his recollection. Doubt is expressed even in these cases as to any documents not actually present in court but requiring the activities of the witness for production. Chapin v. Lapham, supra, is cited in 1 Greenleaf on Evidence (16th Ed.) Sec. 436, and 3 Wigmore on Evidence (3rd Ed.) Sec. 764. In the latter citation where the question arises with reference to an opposing witness, Wigmore poses the question, "Must the witness accede to the request and see if his memory is refreshed by the paper handed him?" Wigmore answers the question, "It seems entirely proper to require him, in the trial judge's discretion, to do this." Wigmore thus recognizes that the proceedings would be in court, that the document in question would likewise be in court, and that the matter was entirely in the trial judge's discretion. See also cases collected in annotation in 125 A.L.R. 40.

When, however, the question arises out of the presence of a court or judge and when no judicial discretion may be exercised as, for example, on the taking of testimony on deposition before a commissioner or notary, a different situation exists. This is the precise situation with which I am confronted. While the cases as to this

situation are limited in number, they are in entire accord that the witness against his desire may not be compelled to examine a document solely in order to refresh his recollection. This is the precise holding of United States v. Tilden, 28 Fed.Cas. p. 174, No. 16,522, and Ladenburg, Thalmann & Co. v. Pennsylvania Railroad Co., 6 Pa. Dist.R. 453. See, however, a dictum in In re Waterman, 110 App.Div. 115, 97 N.Y.S. 169.

■ I am in accord with this view and am of the opinion that a witness in deposition proceedings before a notary or other officer may not be compelled to search for or examine a document solely for the purpose of refreshing his recollection. Any different conclusion would remove any exercise of judicial discretion and leave to proceedings on deposition the operation of an entirely different rule from that which would apply in proceedings actually in court and the presence of a judge.

The order as to this matter will follow the views here expressed.

5. The plaintiff has moved that the defendant shall not call upon witnesses to produce, nor shall the defendant seek to elicit any information concerning any reports, memoranda or other work products of the plaintiff prepared by plaintiff's attorneys, experts, employees or other personnel in aid of the trial of this case and which are based upon data obtained during plaintiff's inspection of the partial oxidation section of defendant's plant at Bishop, Texas.

■ This paragraph will be denied in its entirety. The defendant may seek to elicit information as to the existence, if any, of the reports or other memoranda of the description mentioned and of their location, but is not to be construed as requiring the production of such reports or other memoranda, nor of the contents thereof, unless or until the availability of such reports, if the production be opposed, shall have been determined by this or some other court.

■ 6. Plaintiff has moved that defendant's examination of plaintiff's personnel with respect to plaintiff's operation of the partial oxidation section of its plant at Tallant, Oklahoma, subsequent to the dates on which applications for the patents in suit were filed in the United States Patent Office shall be limited to inquiries concerning the commercial success of such section, including any experimental and pilot plants preceding the Tallant installation.

This portion of the motion will be granted since "commercial success" was the only substantial basis advanced by the defendant concerning any inquiry subsequent to the dates of the applications for the patents in suit.

The concluding portion of this paragraph 6 by which it is sought to condition defendant's examination concerning the commercial success of plaintiff's plant upon the defendant's agreement and consent to plaintiff's examination concerning the commercial success of defendant's plant will be denied. I am not now concerned with any question concerning the commercial success of defendant's plant or process and am not now in a position to determine what questions may arise concerning that examination.

■ 7. By this seventh paragraph the plaintiff seeks to clarify this Court's order of February 11, 1953, and to preserve to the plaintiff its right to object to specific inquiries addressed to plaintiff's personnel concerning matters which are (1) privileged or confidential, or (2) which relate to secret processes, developments, research or data and which do not pertain to questions of validity, infringement or commercial success of the inventions of the patents in suit.

This paragraph is denied since all questions under it seem moot at this time. No questions have been asked which fall within the categories objected to and counsel for defendant have stated in open court that the defendant recognizes the right of the plaintiff to object if such questions shall arise.