Charles LaROCCA, Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 105-68 Erie.**

United States District Court
W. D. Pennsylvania.
March 11, 1969.

MacDonald, Illig, Jones & Britton, Erie, Pa., for plaintiff.

Knox, Graham, Pearson & McLaughlin, Erie, Pa., for defendant.

## OPINION

WEBER, District Judge.

In this case plaintiff sues his insurance carrier for the excess liability which is imposed on him because of a verdict exceeding his insurance coverage. Such suits are now becoming common. [See Appendix A to Article on Excess Coverage, Vol. XXXVI Insurance Counsel Journal, Jan. 1969, p. 68, Bibliography p. 75.] The plaintiff alleges bad faith or negligent handling of the prior suit in failure to achieve settlement. Plaintiff now seeks the production of the entire file of the insurance company relating to the prior suit under Fed.R. of Civ.P. 34. Defendant is willing to produce everything but the correspondence between it and counsel. We do not see how defendant can withhold this material.

■ In such cases courts have found demands for such material supported by good cause. These files are obviously relevant to the cause of action and useful to the plaintiff, and otherwise unobtainable. The agency and fiduciary relationship between the insurer and its insured supports the necessary showing of good cause. See Bell v. Commercial Insurance Co. of Newark, 280 F.2d 514 [3rd Cir., 1960], a case originating in this District, which relied on the agency relationship found to exist in such insurance contracts by the Supreme Court of Pennsylvania in Cowden v. Aetna Casualty and Surety Co., 389 Pa. 459, 134 A.2d 223 [1957].

■ The Courts have found no attorney-client privilege barring such a demand. It has long been held that where an attorney acts for two parties, communications from either are not privileged from disclosure to the other. Popovitch v. Kasperlik, 70 F.Supp. 376 [W.D.Pa., 1947]. This principle has been applied in the identical type of action as that now before us. Chitty v. State Farm, 36 F.R.D. 37 [E.D.S.C. 1964]; Shapiro v. Allstate, 44 F.R.D. 429 [E.D.Pa., 1968]. In Shapiro, supra, the court also noted that the insured was solely represented by the counsel retained by the insurance carrier, but we do not find that factor decisive. There is a suggestion in the present case that the plaintiff had the assistance of his own counsel at some stages of the prior litigation or matters related to it. Nevertheless, the insurance company and its counsel are in command at the conduct of the suit, and therefore act in an agency or fiduciary capacity with respect to plaintiff's interests, regardless of the possibility of plaintiff receiving independent legal advice.

Manning v. State Farm, 235 F.Supp. 615 [D.C.N.C.1964], cited by defendant, was not a suit by insured against its carrier, but by third-parties, judgment creditors of an alleged insured of the insurance company. The Court also found the allegations of "good cause" insufficient and invoked the "work product" doctrine of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 [1947]. Hickman v. Taylor, supra, is primarily based on failure to show "good cause" rather than any absolute privilege, as the Court noted at 329 U.S. 511, 512, 67 S.Ct. 394. "We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases." See also Alltmont v. United States, 177 F.2d 971 [3rd Cir., 1950].

The insurance industry and their counsel seem to accept this view:

"The modern trend is for our courts to scrutinize closely the conduct of the insurer and defense counsel in this area. Their files are subject to discovery and defense counsel will often be the star witness in a suit directly against his original client for the amount of the judgment in excess of the named insurance coverage. [citation omitted]." Vol. XXXVI Insurance Counsel Journal, Jan. 1969, p. 61.

## ORDER

And now, March 11, 1969, on motion of plaintiff, and after hearing, good cause having been shown, it is ordered that defendant produce for inspection and copying its entire file of the matter involved in the action of Auler v. La-Rocca at Civil Action No. 9–67 ERIE in this District Court. It is intended by this Order that the file of the insurance carrier, maintained by its Claims Department including all correspondence between it and its legal counsel be produced.

## SUPPLEMENTAL OPINION

This is a suit by an insured against his carrier to recover damages for the excess verdict which plaintiff is obligated to pay above the limits of his insurance coverage. The cause of action is based on allegations of failure of the defendant to make good faith settlement or attempts to settle within the policy limits. We have previously ordered counsel for defendant, who was counsel for the insured in the prior action, to produce his file for inspection under F.R.C.P. 34, over defendant's objection because of the agency and fiduciary capacity in which counsel acted for plaintiff in the prior action. We now face defendant's demand for production of the file of the attorney for the plaintiff in the prior action which resulted in the verdict against the present plaintiff. Neither the attorney, Will J. Schaaf, Esq., nor his client, are parties or counsel in the present action.

We previously denied a motion for Production under F.R.C.P. 34 addressed to Atty. Schaaf by the present defendant because we believe Rule 34 to be applicable only to parties to the action in which the motion is filed. A deposition of Atty. Schaaf was noticed under F.R.C.P. 30 and a subpoena duces tecum was served on him for production of the file. He and his former client appeared and testified but his client invoked the attorney-client privilege and Atty. Schaaf refused to hand over the file for inspection. We now have a motion to compel him, as a witness, to produce the file.

At the hearing on the motion Atty. Schaaf produced the file for inspection by the Court in camera.

Applying a strict interpretation of the attorney-client privilege as stated in the Pennsylvania statute, 28 P.S. § 321, we would only consider as privileged a communication from the client to the attorney. The statute reads "communications made to him by his client". A lower court case in Pennsylvania supports the argument that the privilege is a one-way street. Eisenman v. Hornberger, 44 Pa. Dist. & Co. R.2d 128. The file contains only one such document. We do not find it in any sense a "confidential" communication. There are other doubts as to the applicability of the attorney-client privilege here; the client is not a party to the present cause of action, Hamilton v. Neel, 7 Watts, Pa., 517; the privilege may have been waived by the extensive testimony of the client and her attorney in the deposition being taken, United States v. Weinberg, 129 F.Supp. 514 (M.D.Pa. 1955); the confidential nature of the communication from the client is not apparent, Turner's Estate, 167 Pa. 609, 31 A. 867.

For these reasons we will disregard the claim of privilege because we believe another important consideration of policy supports the refusal of the witness to turn over the file.

■ While this production is not being sought under F.R.C.P. 34, but by way of a subpoena duces tecum, a showing of good cause is still required for the production of documents. Fastener Corp. v. Spotnails, 43 F.R.D. 204 (D.C. Ill.1967), Joseph L. Lee Inc. v. Mongan Corp., 18 F.R.D. 390 (D.C.N.Y.1956).

■ The material in the file examined by the Court consists mostly of work product of the attorney. We feel that there are serious impediments to compelling an attorney to divulge his work product, even though the prior action is ended and his client is not a party to the present action. The rationale of the protection of an attorney's work product, as set forth in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1947) is applicable to closed cases as well as pending cases. "An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served." (p. 517, 67 S.Ct. p. 394).

■ "The attorney work product, if privilege it is, is the privilege of the attorney and not that of the client, its rationale is based upon the right of a lawyer to enjoy privacy in the course of preparation of his suit." United States v. 38 Cases, etc., labelled Mr. Enzyme, 35 F.R.D. 357 (W.D.Pa.1964). Radiant Burners, Inc. v. American Gas Assoc., 207 F.Supp. 771 (N.D.Ill.1962). The attorney's work product is only qualifiedly privileged, it loses that status when good cause for its production is shown. Smith v. Insurance Co. of North America, 30 F.R.D. 534 (M.D.Tenn.1962).

■ Hickman v. Taylor, supra, and the cases dealing with the production of papers or documents contained in an attorney's file all stress the importance of the showing of good cause. Although discovery should not be denied if adequate reasons appear, Hanover Shoe Inc. v. United Shoe Machinery Corp., 207 F. Supp. 407, 410 (M.D.Pa.1962) the requirement of good cause has been described as "an exceptional showing of good cause" Insurance Company of North America v. Union Carbide Corp., 35 F.R.D. 520, 523 (D.Colo.1964). That case noted that the fact that a particular document was ordered produced over the objection that it was an attorney's work product in the Hanover Shoe case (cit. supra.) does not stand for the general principle that an attorney's file in a previous case can be examined at will by litigants in subsequent, related cases (p. 523).

■ We cannot accept a demand for examination of an entire file as meeting the requirement of good cause. We believe that the elements of good cause include a showing that a specific item of evidence exists, that it is not otherwise available to a party, and that it is necessary for the preparation of a party's case. An inquiring party is not barred from learning if such papers or documents exist, and in whose custody they are, even though such papers or documents may not themselves be subject to a disclosure order, Cities Service Oil Co. v. Celanese Corp., 14 F.R.D. 246 (D.Del.1953). But we cannot order the production of an entire file of an attorney on the representation that there may be some evidence therein contained which might assist a party in preparation of its case.

■ Because the file is voluminous, because it consists largely of the work product of the attorney in the preparation of his case for trial, because some of the material therein may be entirely irrelevant to the present cause of action even in the broad sense of relevancy for discovery, because no specifically identifiable documents or reports are being requested, we conclude that no good cause has been shown for the production and inspection of the entire file.

Defendant's motion will be denied.