## Berger v. Wood

*James W. McNulty,* for plaintiffs.
*Maxwell H. Cohen,* for defendant.

WILLIAMS, *J.,* October 23, 1975—We have for disposition plaintiffs' exceptions to a Decree Nisi entered March 17, 1975.

The exceptions are:

1. Plaintiffs except to the court's ruling admitting in evidence the entire testimony given by Robert J. Kayton, Esquire.

2. Plaintiffs except to findings of fact Nos. 11, 12, 13, 15 and 16.

3. Plaintiffs except to the decree nisi, which reads as follows:

"AND NOW, March 17th, 1975, it is ordered that the Defendants shall tender payment to the Plaintiffs of the sum of Three Thousand Dollars ($3,000.00) in full satisfaction and payment of all claims set forth in the Complaint in Equity.

"The Plaintiffs shall accept said Three Thousand Dollars ($3,000.00) in full satisfaction and payment of such claims and it is further ordered that Plaintiffs shall cause this case to be marked settled, discontinued and ended of record and such payment shall forever constitute a bar to any further suit based upon the cause or causes in action stated in the Complaint."

Since findings of fact Nos. 11, 12, 13 and 16 are fully supported by the testimony of Robert Kayton, Esq., the only real issue raised by the exceptions is the competency of Mr. Kayton's testimony. We find his testimony competent for two reasons:

(1) Mr. Kayton testified that he was authorized by the sole fiduciary of the Estate of Ida Berger to compromise the claims of the Ida Berger Estate against defendants for $3,000. He communicated this fact to opposing counsel. It is contended that Mr. Kayton was an incompetent witness because of the rule that communications between attorney and client are privileged. This rule, however, has exceptions. One is that the rule may not be applied when the client intends that the statement be communicated to others such as in this case to opposing counsel. See Richter v. Goldberg, 78 Pa. Superior Ct. 309 (1922). In that case it is held, page 311: "It is only confidential communications between attorney and client which are privileged: Sargent v. Johns, 206 Pa. 386, 393; Kramer v. Kister, 187 Pa. 227, 232; Beeson v. Beeson, 9 Pa. 279, 301; Heaton v. Findlay, 12 Pa. 304, 310. The privilege does not extend to communications made by a litigant to his attorney for the purpose of being communicated to the adverse party." [Cited cases omitted.]

Manifestly when a client authorizes his counsel to accept an offer to settle pending litigation, he intends his counsel to so inform opposing counsel and this situation falls within the ruling of Richter v. Goldberg, supra. See also Edward I. Turner's Estate. Virginia Whitney's Appeal, 167 Pa. 609, 31 Atl. 867 (1895).

Plaintiffs assert that Robert J. Kayton, Esq., was not authorized to advise opposing counsel that his client had agreed to a settlement. This is tantamount to charging that Mr. Kayton had not performed his duty to his client with fidelity. To charge that counsel engaged in conduct unauthorized by the client is to charge professional misconduct. Under such circumstances, the claim of privilege is not available to the plaintiffs. See

Commonwealth v. McKenna, 206 Pa. Superior Ct. 317, 213 A. 2d 223 (1965), where the Court stated, page 322:

"Second, Dietz in his testimony had criticized the capabilities and efforts of his trial attorney. The privilege was not available to silence the attorney as he rebutted the attacks on his professional competence. Doll v. Loesel, 288 Pa. 527, 136 A. 796 (1927)."

For the reasons stated, we hold that Robert J. Kayton, Esq., was a competent witness.

The remaining exception relates to finding of fact No. 15, which reads as follows:

"Defendants are ready and willing to pay the settlement figure of $3,000.00 to terminate the case. The Plaintiffs refuse to consummate the settlement asserting that no compromise agreement was authorized." We find this finding of fact supported by the evidence. That the defendants were ready and willing to settle the litigation is shown by Mr. Kayton's letter to Mr. Cohen, dated March 9, 1972, which states in part:

"Please be advised that, as confirmed in your letter to me of August 26, 1971, relative to the offer of the payment of $3,000.00 to Merle and Rollin Berger, this offer is hereby accepted." This language demonstrated both that defendants were willing to pay $3,000 in settlement of the litigation and that defendants' offer was accepted by plaintiffs.

### FINAL DECREE

And now, October 23, 1975, plaintiffs' exceptions to the Decree Nisi, entered March 17, 1975, are dismissed. It is ordered that the Decree Nisi entered on March 17, 1975 shall be entered by the Prothonotary as the final decree of the court.