## Lemly Estate

*Robert E. Lenton* and *James W. Tracey, III,* for accountants.

*Richard I. Torpey,* for claimant.

SATTERTHWAITE, *J.,* Specially Presiding, January 13, 1978 — The only question requiring adjudication arises under Item 2 of the will whereby decedent provided: "II. I give and bequeath to my long-time friend and employee, STANLEY WOLICKI, . . . the sum of Fifteen Thousand ($15,000.00) Dollars and any and all motor transportation equipment owned by me and used in the operation of my paper stock business conducted under the name of William Lemly."

Decedent executed the will on April 15, 1972, at a time when he was the proprietor of a paper collecting and transporting business. Stanley Wolicki, who had been employed in the business for some 35 years and was decedent's sole employe, conducted the actual trucking operations for the enterprise, using a truck-tractor and two semi-trailers owned by decedent for this purpose.

In May, 1975, decedent decided to retire and to turn his business over to Wolicki. He continued to pay wages and to account for payroll taxes for Wolicki on his books as employer only until the end of that month. He transferred title to the truck-tractor and two trailers to Wolicki's name. On May 9, 1975, he withdrew $5,000 from a savings account and endorsed the check therefor to Wolicki. On May 27, 1975, he caused an additional $10,000 to be paid over to Wolicki out of other savings accounts. Wolicki testified, without objection, that decedent told him that he did so because he had no pension plan for him as an employe. It further appeared from other testimony that he also desired to enable Wolicki at that time to purchase new rolling stock to replace or supplement the aging equipment which he had so transferred to him, rather than requiring him to wait for the legacy after his death.

In June or July, 1975, decedent consulted counsel concerning the revision of his will, looking to elimination of the Item 1 bequest to his cousin Dorothy Frank who was then deceased, and also to eliminate the Item 2 bequest to Wolicki because of the transfers already so made to him. Counsel prepared the new will, after some delay due to the necessity for consultation with representatives of Girard Trust Bank concerning certain testamentary trust provisions not presently involved, and on the

morning of August 13, 1975, had a conference with decedent relative thereto. The new will was not then executed by decedent, however, because of his desire for still further revision of certain legacies proposed for particular relatives of his deceased wife. While decedent was apparently in failing health at this time, his death of a myocardial infarction that very afternoon, and before counsel had had time to rewrite the new will, was totally unexpected.

As counsel aptly points out, this is not a case of attempted parol revocation or modification of the testamentary provisions, nor is the technical doctrine of advancements involved. Rather, it is purely a question of whether or not the inter vivos gifts amounted legally to an ademption or satisfaction of the testamentary legacy. The answer depends entirely upon decedent's intention in making such transfers, a question as to which parol evidence is appropriate and competent. The controlling considerations are summarized in Alexander's Estate, 83 Pa. Superior Ct. 210, 211 (1924):

"Where a testator is not the parent of the legatee or does not stand in loco parentis, no presumption arises that a prior legacy is satisfied by a subsequent payment or gift, but where a legacy is given to a stranger for a particular purpose and the testator subsequently makes a payment or gift to the legatee for the same purpose, such payment or gift is presumed to be a satisfaction of the legacy to the extent of the amount of the gift." See also Turner's Estate, 167 Pa. 609, 31 Atl. 867 (1895); Johnson's Estate, 201 Pa. 513, 51 Atl. 342 (1902); Ritter's Estate, 10 Pa. Superior Ct. 352 (1899); Field's Estate, 34 D. & C. 468 (1939).

As noted in Ritter, supra, since the issue does not

involve any effort to reform the will or to vary its terms, but is solely one of determining the intention of testator in making the argued lifetime satisfaction, parol evidence is admissible for the purpose of either repelling or strengthening the presumption, even though that type of evidence might not be proper in other cases or for other purposes.

In the instant case, the inference is inescapable that decedent intended by the legacy of Item 2 of his 1972 will posthumously to reward, and express his appreciation for long and faithful service by, his friend and trusted employe by giving him the physical equipment of the business plus $15,000 in cash. The evidence also establishes that precisely the same purpose and motivation occasioned decedent's accelerated lifetime gift of the identical subject matter, thus raising the presumption of satisfaction or ademption of the testamentary benefaction, which presumption stands entirely unrebutted. The claim of Stanley Wolicki for a further present and additional payment of $15,000 from the estate must accordingly be and hereby is denied.

No other questions for adjudication were stated in the petition for adjudication, nor were any apparent to the court from the record. . . .

## ORDER

And now, January 13, 1978, the within adjudication is directed to be filed and is hereby confirmed nisi.