**Mohammed HAMED, Khalil Awwad, and Michigan Foods, Inc., Plaintiffs,**

v.

**GENERAL ACCIDENT INSURANCE COMPANY, Defendant.**

**Civ. No. H 85–1106.**

United States District Court, N.D. Indiana, Hammond Division.

Oct. 14, 1986.

214

David S. Stevens, East Chicago, Ind., Robert G. Berger, Highland, Ind., for plaintiffs.

Daniel H. Pfeifer, South Bend, Ind., for defendant.

Albert C. Hand, Highland, Ind., for State Farm.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on a Motion for Protective Order filed by the State Farm Fire and Casualty Company on October 3, 1986. For the reasons set forth below, the Motion is DENIED.

On March 24, 1985, Michael Fields and Deborah Fields (hereafter the Fields) owned a building located at 1407 Michigan Avenue, Hammond, Indiana. Prior to that date, the Fields had leased the real estate to the plaintiffs, Mohammed Hamed, Khalil Awwad, and Michigan Foods, Inc., who

used the building as a grocery store. The Fields obtained an insurance policy from State Farm and Casualty Company (hereafter State Farm) to protect their interest in the property. The plaintiffs obtained a separate insurance policy with the defendant, General Accident Insurance Company (hereafter General Accident), to protect their interest in the inventory and equipment used for the grocery store business. On March 24, 1985, the building was destroyed by fire.

After the fire, both State Farm and General Accident conducted separate investigations to determine both the extent of the damage and the cause of the fire. However, the insurance companies did exchange information obtained during the investigations. Based in part upon information provided by State Farm, General Accident determined that the fire was an act of arson and denied the plaintiffs' claim. Apparently, State Farm determined that the Fields were not involved in the suspected arson and paid that claim. The plaintiffs have brought this action against General Accident seeking compensatory damages under the insurance policy and punitive damages based upon a claim of bad faith. *See generally Travelers Indemnity Company v. Armstrong,* 442 N.E.2d 349 (Ind.1982); *Carroll v. Statesman Insurance Company,* 493 N.E.2d 1289 (Ind.App.1986); and *Liberty Mutual Insurance Company v. Parkinson,* 487 N.E.2d 162 (Ind.App.1985).

The plaintiffs have served a subpoena upon State Farm requesting the production of the file which it prepared during the fire investigation. State Farm has objected to producing its file claiming that it is irrelevant to the pending action and that it is protected by the attorney-client and work product privileges. None of these objections is well taken.

■ The information sought by the subpoena clearly is relevant. Both State Farm and General Accident investigated the fire at issue and exchanged information during the course of the investigation. General Accident relied upon the information provided by State Farm in determining that the fire had been set intentionally and in denying the plaintiffs' claim. Therefore, any information obtained by State Farm is relevant to determine the cause and origin of the fire, and any information conveyed by State Farm to General Accident is relevant to determine whether General Accident acted in good faith in denying the plaintiffs' claims.

■ State Farm's claim that its file is protected by the attorney-client privilege also must fail. In *Federal Trade Commission v. Shaffner,* 626 F.2d 32 (7th Cir. 1980), the Court of Appeals discussed the attorney-client privilege and stated:

> Moreover, appellee merely asserted a blanket claim of privilege as to all the documents subject to specifications seven and ten. This court in *Radiant Burners, Inc. v. American Gas Association,* 320 F.2d 314, 324 (CA7 1963), specifically disapproved blanket assertions of attorney-client privilege saying: "The limitations surrounding any information sought must be determined for each document separately considered on a case-by-case basis." The burden is on the party claiming the privilege to present the underlying facts demonstrating the existence of the privilege. *United States v. Tratner,* 511 F.2d 248, 251–52 (CA7 1975). This is not to say that the party must detail the contents of each communication for that would indeed violate the privilege. But the party must supply the court with sufficient information from which it could reasonably conclude that the communication: (1) concerned the seeking of legal advice; (2) was between a client and an attorney acting in his professional capacity; (3) was related to legal matters; and (4) is at the client's instance permanently protected. *Radiant Burners, supra,* at 319." 626 F.2d at 37.

State Farm has failed to demonstrate that its file is protected by the attorney-client privilege. There is no indication what involvement, if any, an attorney had in a routine investigation of a fire claim. Even if an attorney did participate in the fire investigation and give State Farm legal advice, State Farm must claim the privilege on a document-by-document basis rather

than seeking to protect the entire file. *Matter of Klein*, 776 F.2d 628, 635 (7th Cir.1985); and *United States v. Keplinger*, 776 F.2d 678, 700, ft. 13 (7th Cir.1985). Therefore, State Farm's attorney-client privilege claim must be denied.

■ State Farm also has claimed that its file is entitled to a work product privilege under *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and Federal Rule of Civil Procedure 26(b)(3). Once again, State Farm has failed to demonstrate that it comes within the protection of the privilege. First, State Farm is not a party to this litigation nor to any other lawsuit originating from the fire. By its terms, Rule 26(b)(3) applies to matters "prepared in anticipation of litigation or for trial." Absent a showing that State Farm will be involved in any trial, it may not claim the work product privilege.

■ Second, the work product privilege does not apply to an investigation conducted by an insurance company unless the investigation has been conducted under the direction of an attorney. In *Thomas Organ Company v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D.Ill.1972), the court stated:

> [A]ny report or statement made by or to a party's agent (other than to an attorney acting in the role of counsellor), which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of … Rule 26(b)(3) and (b)(4). 54 F.R.D. at 372.

The court concluded:

> If the rule of practice announced above were not accepted as controlling but rather the law were as suggested by the plaintiff, i.e., that after a claim has arisen, litigation may be deemed a contingency and any document prepared after such a claim has arisen is prepared in anticipation of litigation as concerns Rule 26(b)(3) irrespective of whether an attorney in the role of counsellor has been

consulted, hardly any document authored by or for an agent of an insurance company could ever be discoverable without the showing of substantial need and undue hardship required by subsection (b)(3) of Rule 26. 54 F.R.D. at 373. The mere fact that litigation may result later does not automatically protect the investigation with the work product privilege. *Binks Manufacturing Company v. National Presto Industries, Inc.*, 709 F.2d 1109, 1118 (7th Cir.1983).

Since the information sought by the plaintiffs is relevant to the pending litigation and State Farm has failed to demonstrate that the information is privileged, the Motion for Protective Order filed on October 3, 1986 is DENIED. State Farm is ORDERED to comply with the subpoena on or before October 20, 1986.