See also, 694 F.Supp. 1342.

**Winard ANDERSON, et al., Plaintiffs,**

v.

**The TORRINGTON COMPANY, Defendant.**

**No. S85–483.**

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 24, 1987.

Richard J. Swanson, Indianapolis, Ind., Timothy P. McLaughlin, South Bend, Ind., for plaintiffs.

Roger W. Benko, Elkhart, Ind., Franklin A. Morse, II, Gregory L. Kelly, Douglas Small, South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on Irving Vinson's motion to quash portions of the subpoena duces tecum served upon him, a non-party, by defendant The Torrington Company. For the reasons that follow, the court concludes that the attorney-client protects most, and the work-product privilege protects all, of the documents sought by the subpoena. Accordingly, the court grants the motion for a protective order.

### I.

This litigation arises from Torrington's April 30, 1984 closing of its South Bend plant. The plaintiffs are former Torrington employees. Some of the plaintiffs were members of Local 590, the bargaining representative, at the Torrington plant. Local 590 is affiliated with the International Automobile, Aerospace and Agricultural Implement Workers of America, UAW. The law firm of Segal & Macy of Indianapolis represents the plaintiffs in this action and also represents the UAW. The UAW is not a party to this action.

In Count I of their amended complaint, the plaintiffs allege that Torrington closed the South Bend plant because of the plant's disproportionately older work force, in order to create a younger work force and greatly reduce the number of older workers in its total work place, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* In Count II, the plaintiffs allege that by the closing of the South Bend plant and terminating the plaintiffs' employment, Torrington deprived the plaintiffs of the pension and benefit plans contained in prior collective bargaining agreements in violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. Class certification as to Count II was granted on September 23, 1987.

Torrington served upon Irving Vinson, the UAW's subregional representative, a notice of records deposition and subpoena duces tecum on August 19, 1987. The provision in dispute is paragraph 3 of the subpoena duces tecum that requests the following:

> All correspondence between the UAW, including its agents and employees, and employees or members of the law firm of Segal & Macy ... which correspondence includes communications dealing with or discussing that law firm's representation of the plaintiffs in the lawsuit.

Mr. Vinson moves to partially quash the subpoena duces tecum or, in the alternative, to issue a protective order with respect to production of certain documents requested in paragraph 3.

### II.

Mr. Vinson raises two issues in his motion to quash or, in the alternative, for the issuance of a protective order:

A. Whether the documents sought to be discovered fall within the parameters of the attorney-client privilege making the items immune from discovery; and

B. Whether the requested documents constitute an attorney's work product thereby requiring the party requesting discovery to demonstrate substantial need and undue hardship.

Mr. Vinson contends that paragraph 3 requests privileged attorney-client communication that is exempt from discovery.

The UAW is the international union of which all plaintiffs were members. The firm of Segal & Macy represents the UAW and, through that representation, also has represented the plaintiffs in other litigation arising from the South Bend plant's closing. For these reasons, Mr. Vinson argues that a "community of interest" exists between the plaintiffs and the UAW. The documents requested resulted from communications between Segal & Macy and the UAW concerning the representation of. the plaintiffs, and accordingly, Mr. Vinson maintains, are privileged and exempt from discovery due to the attorney-client privilege.

Mr. Vinson also argues that the work-product provisions of Rule 26(b)(3) protect the communications between Segal & Macy and the UAW. He argues that Torrington has not put forth the requisite showing of substantial need and undue hardship to meet the burden established in Rule 26(b)(3).

Torrington argues that Mr. Vinson failed to meet the burden of identifying each document which he claims to be privileged or protected by the work-product doctrine and specifying the bases of the objection for each document. Without this prima facie showing that the materials sought fall within the protection of the attorney-client privilege or the work-product doctrine, discovery should be granted.

### A.

■ Mr. Vinson claims protection of the attorney-client privilege under Rule 26(b)(1). The parties agree that "privilege" under Rule 26 means privilege as determined by the Federal Rules of Evidence. *United States v. Reynolds*, 345 U.S. 1, 6, 73 S.Ct. 528, 531, 97 L.Ed. 727 (1953). At least when federal law provides the rule of decision, the contours and exceptions of such privileges contained in Federal Rule of Evidence 501 are a matter of federal common law. *In re Pebsworth*, 705 F.2d 261, 262 (7th Cir.1983), *citing United States v. Craig*, 528 F.2d 773, 776 (7th Cir.1976), *aff'd en banc per curiam* 537 F.2d 957 (7th Cir.1976). The plaintiffs'

complaint raises issues under ADEA and ERISA and therefore as federal questions demand analysis under federal common law.

Mr. Vinson first makes a blanket claim of privilege as to all documents requested in paragraph 3 of the subpoena duces tecum. He relies upon the community interest the UAW shares with the plaintiffs in this litigation. This community of interest, he argues, arises from the plaintiffs' membership in the UAW while employed by Torrington: the UAW represented the plaintiffs' interests in administrative and other judicial matters arising from the closing of Torrington's South Bend plant, and asserts a vital interest in protecting its members' right with respect to their former employment with Torrington.

■ The attorney-client privilege is to be confined strictly within the narrowest possible limits consistent with the logic of its principle. *United States v. Weger*, 709 F.2d 1151, 1154 (7th Cir.1983). In this circuit, one claiming the attorney-client privilege may not proffer blanket assertions to protect an entire file:

> The limitation surrounding any information sought must be determined for each document separately considered on a case by case basis.

*Hamed v. General Acc. Ins. Co.*, 112 F.R. D. 213, 215 (N.D.Ind.1986), *citing Federal Trade Commission v. Shaffner*, 626 F.2d 32, 37 (7th Cir.1980); *Radiant Burners, Inc. v. American Gas Ass'n*, 320 F.2d 314, 324 (7th Cir.), *cert. denied* 375 U.S. 929, 84 S.Ct. 330, 11 L.Ed.2d 262 (1963). The burden is on the party claiming the privilege to present the underlying facts demonstrating the privilege's existence. *Hamed v. General Acc. Ins. Co.*, 112 F.R.D. at 215, *citing United States v. Tratner*, 511 F.2d 248, 251–252 (7th Cir.1975). A party must supply the court with sufficient information from which the court reasonably could conclude that the communication (1) concerned the seeking of legal advice; (2) was between a client and an attorney acting in his professional capacity; (3) was related to legal matters; and (4) is at the client's instance permanently protected. *Radiant*

*Burners, Inc. v. American Gas Ass'n,* 320 F.2d at 319; *Federal Trade Commission v. Shaffner,* 626 F.2d at 37.

█ For a third party to have a sufficient "community of interest" in litigation to invoke the attorney-client privilege, the court must find:

> ... they have an *identical* legal interest with respect to the subject matter of a communication between an attorney and a client concerning legal advice. The third parties receiving copies of the communication and claiming a community of interest may be distinct legal entities from the client receiving legal advice and may be a non party to any anticipated or pending litigation. *The key consideration is that the nature of the interest be identical, not similar, and be legal, not solely commercial.*

*Duplan Corporation v. Deering Milliken, Inc.,* 397 F.Supp. 1146, 1172 (D.S.C.1974) (emphasis added).

As noted above, Mr. Vinson must claim the privilege on a document-by-document basis rather than seeking to protect an entire file. *Hamed v. General Acc. Ins. Co.,* 112 F.R.D. at 214, *citing Matter of Klein,* 776 F.2d 628, 635 (7th Cir.1985); *United States v. Keplinger,* 776 F.2d 678, 700 n. 13 (7th Cir.1985), *cert. denied* 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 548 (1986). Mr. Vinson complied with this procedure through his Exhibit A attached to the reply brief filed on November 10, 1987.

█ Mr. Vinson has shown a "community of interest" with the plaintiffs in this action sufficient to invoke an attorney-client privilege to protect the discovery of many of the documents identified. The UAW has played a very active role in this case as a union representing the interests of its members and former members. Some of the documents, however—specifically, the documents numbered 2, 5, 22, 25, 26, and 27 in Mr. Vinson's reply—do not meet *Radiant Burners'* standards, and thus would not be protected by the attorney-client privilege. Accordingly, the court must also address the work-product claim.

**B.**

Mr. Vinson also claims that paragraph 3 seeks information protected by the qualified privilege for attorneys' work-product. *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Fed.R.Civ.P. 26(b)(3). When a party asserts the work-product privilege, the threshold question is whether the materials sought to be protected from disclosure were prepared in anticipation of litigation. *Binks Mfg. Co. v. Nat. Presto Industries, Inc.,* 709 F.2d 1109 (7th Cir.1983), *citing Diversified Industries, Inc. v. Meredith,* 572 F.2d 596, 604 (8th Cir.1977).

> Prudent parties anticipate litigation and begin preparation prior to the time of suit is formerly commenced. Thus, the test should be whether in light of the nature .of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2024, at 198 (1970).

Torrington's subpoena duces tecum requests all correspondence between the UAW and the firm of Segal & Macy, including correspondence between the UAW and the law firm relating to this litigation.

█ Work-product is the privilege of the attorney and not of the client, and is based on the attorney's right to enjoy privacy in the course of preparation of his suit. *LaRocca v. State Farm Mutual Automobile Ins. Co.,* 47 F.R.D. 278 (W.D.Pa.1969), *citing Radiant Burners,* 207 F.Supp. 771 (N.D.Ill.1962). Three tests must be satisfied to invoke the qualified privilege. The material must (1) be documents and tangible things, (2) prepared in anticipation of litigation or for trial, (3) by or for another party or by or for that other party's representative. Fed.R.Civ.P. 26(b)(3); 8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2024, at 196–197 (1970).

█ Segal & Macy, as counsel for Mr. Vinson, has made a sufficient showing that the documents sought by Torrington

are the firm's work-product. Torrington requests their entire UAW file. A demand for an entire file cannot meet the requirement of good cause for production of materials covered by the work-product privilege. *LaRocca v. State Farm*, 47 F.R.D. at 282. Good cause includes (1) a showing that a specific item of evidence exists; (2) that it is not otherwise available to a party; (3) and that it is necessary for the party's preparation for trial. *Id.* Torrington has fallen far short of any showing under the above factors.

Torrington has requested all correspondence between the UAW and Segal & Macy. Although Segal & Macy has raised no relevance issue as to these materials, the court would be remiss in granting production of this correspondence without some showing by the defendant as to how it will assist them in the preparation of this action. Substantial need must be shown before a party may rifle through an attorney's files; Torrington has failed to show this court any need.

Torrington must show that a specific item of evidence exists, but has failed to show the existence of any correspondence between the UAW and Segal & Macy relating to this litigation. When William Osos, Director of Region 3 of the UAW, was asked in his deposition whether he was aware of any documents Segal & Macy had in its possession relating to this litigation, he answered, "No". (William Osos Deposition, p. 103).

An inquiring party is not barred from discovering the existence and whereabouts of such papers or documents, even though such papers or documents may not themselves be subject to a disclosure order. *LaRocca v. State Farm*, 47 F.R.D. at 282, *citing Cities Service Oil Co. v. Celanese Corp.*, 14 F.R.D. 246 (D.Del. 1953). The court may not order the disclosure of an attorney's entire file on the representation that the file may contain evidence that might assist a party in preparation of its case. *Id.*

Torrington argues that if the work-product privilege protects the material it seeks, then Segal & Macy has waived the privilege by sharing the material and discussing it with the executives of the UAW. If documents otherwise protected by the work-product have been disclosed to others with an actual intention that an opposing party may see the documents, the disclosing party should not subsequently be able to claim protection for the documents as work product. 8 Wright & Miller § 2024 at 209. However, the purpose of the work-product rule:

> is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering material.

Thus, the result should be that disclosure of a document to third persons does not waive the work product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information.

8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2024 at 210 (1970), quoting from Gardner, *Agency Problems in the Law of Attorney–Client Privilege: Privilege and "Work Product" under Open Discovery (Part II)*, 42 *U.Det.L.J.* 253, 290 (1965).

The record before the court contains no indication that Segal & Macy made any disclosure of information to UAW executives that substantially increased the opportunities for Torrington to obtain the information.

Accordingly, the court finds the correspondence requested by Torrington, to the extent reasonably calculated to lead to the discovery of relevant evidence, to be Segal & Macy's work-product, and protected from disclosure by Rule 26(b)(3).

III.

For the foregoing reasons, the plaintiffs' motion for a protective order as to documents requested under paragraph 3 of the subpoena duces tecum should be, and hereby is, GRANTED.

SO ORDERED.